Filed 12/3/25  P. v. Huerta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085302 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS329391) |
| JOSE HUERTA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Tracy R. LeSage, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


A jury convicted Jose Huerta of felony possession of cocaine for sale, felony possession of methamphetamine for sale, felony transportation of cocaine, and felony transportation of methamphetamine.  Thereafter, the trial court sentenced Huerta to eight years in state prison.  Huerta appealed, and his court-appointed counsel filed a brief raising no issues but seeking our

independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We informed Huerta of his right to file a supplemental brief under *Wende* and *Anders*, but he did not respond. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Around 9 p.m. on January 3, 2024, a Chula Vista Police Department officer pulled over Huerta's car because the license plate was not illuminated. Huerta, who had a passenger in his car, was leaving a hotel known by police because of frequent narcotic activity. The officer asked Huerta for his license and registration, and Huerta told the officer his license was restricted. Huerta explained he was only supposed to drive to and from work. The officer also asked Huerta if he had any weapons, and Huerta responded that he had a knife in his pocket.

Huerta then asked the officer if he could look in his backpack for his license, and the officer agreed. The officer testified at trial that as Huerta looked in the bag, it seemed like he was trying to hide something. The officer became concerned for his safety, thinking Huerta might have another weapon, and asked for the bag. The officer also testified that Huerta and his passenger both seemed very nervous and were moving around "vigorously" in the car before the traffic stop. Huerta handed over the backpack and the officer placed it on top of Huerta's car. The officer then asked Huerta to step outside of the vehicle.

Once outside the car, the officer placed Huerta in handcuffs. The officer obtained both Huerta's name and the name of his passenger, and provided the information to police dispatch, who discovered the passenger

was on parole and subject to a waiver of his Fourth Amendments rights. As a result, the officer searched the passenger side of the car and discovered methamphetamine and a pipe used for smoking the drug. When the officer asked the two men if there was any contraband in the car, Huerta stated that there was speed. The officer then searched the rest of the car, as well as Huerta's backpack.

The officer found multiple bags of narcotics and a digital scale. Another officer who had arrived at the scene used a portable testing device on the substances, which showed two bags contained methamphetamine and two others contained cocaine. The evidence was collected and later tested by a criminalist, which showed the total weight of the drugs collected at the scene was over 56 grams. The officer also seized a cell phone that belonged to Huerta. At trial, the prosecution introduced the expert testimony of a narcotics enforcement team member. He opined that the quantity of the narcotics, the presence of a scale, and text messages recovered from Huerta's phone suggesting he was involved in illicit drug sales, all supported a finding that Huerta was transporting the drugs for purposes of sale.

Huerta was arrested and eventually charged in an amended information with felony transportation of cocaine (Health & Saf. Code, § 11352, subd. (a), count 1); felony possession of cocaine for sale (*id*., § 11351, count 2); felony transportation of methamphetamine (*id*., § 11379, subd. (a), count 3); and felony possession of methamphetamine for sale (*id*., § 11378, count 4). Additionally, the information alleged Huerta had suffered two prior convictions within the meaning of Penal Code sections 667, subdivisions (b)–(i), and 1170.12 and six prior convictions within the meaning of section 1203, subdivision (e)(4).[1]

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Before trial, Huerta filed a motion to suppress the evidence obtained as result of the search that occurred on the night of his arrest under section 1538.5.  The prosecutor filed an opposition to the motion, and Huerta filed a reply.  After argument, which occurred at the conclusion of the preliminary hearing, the trial court denied the motion to suppress.  The court ruled the officer acted reasonably and had sufficient probable cause to conduct the search under the circumstances presented.

After trial, the jury convicted Huerta of all four counts.  Huerta subsequently admitted all of the prior conviction allegations.  Thereafter, the trial court sentenced Huerta to eight years in state prison, consisting of the mid-term of eight years for count 1 and a concurrent term of the mid-term of six years on count 3.  The court stayed punishment on counts 2 and 4 under section 654.  The court also awarded Huerta custody credit of 44 actual days and 44 conduct credits for a total of 88 days credit.  The court denied Huerta's motion to dismiss his strike priors.

The court imposed a restitution fine of $9,600 under section 1202.4, subdivision (b); imposed and stayed a parole revocation fee of $9,600 under sections 1202.44 and 1202.45; and imposed a $205 lab fee under Health & Safety Code section 11372.5, subdivision (a), a $615 drug program fee under Health & Safety Code section 11372.7, subdivision (a), a $160 court operations assessment under section 1465.8, and a $120 conviction assessment fee under Government Code section 70373.

Huerta filed a timely notice of appeal from the judgment of conviction.

DISCUSSION

As stated, Huerta's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking us to independently review the record for error.  To assist our review under

4

*Anders*, *supra*, 386 U.S. at pp. 744–745, counsel identified three issues she considered in evaluating the potential merits of this appeal: (1) whether the trial court should have recused itself for purposes of sentencing because the court witnessed Huerta being physically restrained by courtroom deputies for refusing to be remanded to prison after the jury's verdict; (2) whether the court erred by denying a motion to exclude text messages suggesting Huerta's involvement in drug sales; and (3) whether the trial court should have conducted a hearing in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 to consider Huerta's ability to pay the restitution fine imposed by the court.

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal.  Competent counsel has represented Huerta on this appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


DO, J.


CASTILLO, J.